# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM 40291 (f rev)

————————————

### UNITED STATES
*Appellee*

**v.**

### Triston D. JOHNSON
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 15 October 2024

————————————

*Military Judge*: Christopher D. James.

*Sentence*: Sentence adjudged on 10 March 2022 by GCM convened at Minot Air Force Base, North Dakota. Sentence entered by military judge on 1 April 2022: Dishonorable discharge, confinement for 14 months, forfeiture of all pay and allowances,[1] and reduction to E-1.

*For Appellant*: Major Samantha P. Golseth, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel J. Peter Ferrell, USAF; Major Morgan R. Christie, USAF; Major Olivia B. Hoff, USAF; Major Jay S. Peer, USAF; Major Brittany M. Speirs, USAF; Captain Tyler L. Washburn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, RICHARDSON, and WARREN, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

[1] We address this error in the sentence entered, *infra.*

_____

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of possession of child pornography of a nature to bring discredit upon the armed forces in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[2,3] The military judge sentenced Appellant to a dishonorable discharge, confinement for 14 months, and reduction to the grade of E-1. The military judge did not announce any forfeiture of pay as part of the sentence. The convening authority took no action on the findings or sentence. Both the Statement of Trial Results (STR) and entry of judgment (EoJ) indicate "Total Forfeitures" was part of the adjudged sentence.

This case comes to us a second time. On 11 April 2023, we remanded the record of trial to the Chief Trial Judge, Air Force Trial Judiciary, for correction under Rule for Courts-Martial (R.C.M.) 1112(d) to account for missing prosecution exhibits. *See United States v. Johnson*, No. ACM 40291, 2023 CCA LEXIS 169, at *1–2 (A.F. Ct. Crim. App. 11 Apr. 2023) (order).[4] On 12 July 2023, a detailed military judge issued a certificate of correction attaching the missing prosecution exhibits to the record of trial. The record was returned to this court on 13 July 2023.

Appellant raises three issues on appeal: (1) whether the STR and EoJ should be corrected to reflect the sentence that was adjudged and approved; (2) whether Appellant's conviction for possession of child pornography is legally and factually sufficient; and (3) whether Appellant's sentence is inappropriately severe.[5]

_____

[2] Unless otherwise stated, references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Appellant was charged with possessing "photographs and videos," but was found not guilty of those words and found guilty by substitution of the title of a single video. Additionally, Appellant was acquitted of one specification of distribution of child pornography in violation of Article 134, UCMJ.

[4] In our remand order, we noted that Preliminary Hearing Officer Exhibit 13 also was missing. Appellant does not assert error in failure to correct this deficiency. We find no prejudice to Appellant.

[5] Appellant raises issues (2) and (3) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## I. BACKGROUND AND ANALYSIS

On 20 March 2020, Appellant used a messaging application on his phone to arrange to exchange images with another user. The other user asked what Appellant had to "trade," to which Appellant responded, "Mostly young but I have 18+ as well." The other user indicated a preference for "young." Appellant asked the other user to send "1st," and received from that user a video of child pornography. Appellant sent the other user a link to one of Appellant's cloud-storage accounts.

As to issue (1), the Government agrees with Appellant that the STR and the EoJ reflect a sentence component that was neither adjudged nor was the result of action by the convening authority or a court ruling.[6] Both Appellant and the Government request we modify each document. We direct modification of the EoJ in our decretal paragraph pursuant to our authority under R.C.M. 1111(c)(2). We do not direct correction or modification of the STR. *Compare* R.C.M. 1101(d), Discussion, and R.C.M. 1104(b) (providing for correction of STR through post-trial motion to the military judge) *with* R.C.M. 1101(e)(2), *Manual for Courts-Martial, United States* (2024 ed.) (specifically authorizing the Courts of Criminal Appeals to modify the STR).

We have carefully considered issues (2) and (3) and find they do not require discussion or relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)).

## II. CONCLUSION

The entry of judgment is modified as follows: after "Forfeitures of Pay and/or Allowances:" substitute "N/A" for "Total Forfeitures." The findings as entered, and the sentence as entered after modification, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[6] Forfeitures of all pay and allowances would have resulted from the confinement component of the adjudged sentence by operation of Article 58b, UCMJ, 10 U.S.C. § 858b.